# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                                        **Case No. 15-CR-226**

**BRANDON MICKEY**,

    Defendant.

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S CHANGE OF PLEA

The United States of America and the defendant, Brandon Mickey, who was represented by counsel, appeared before me for a change of plea colloquy pursuant to Fed. R. Crim. P. 11 on January 11, 2017. ECF No. 140. Mr. Mickey consented to my conducting the change of plea colloquy, as did the United States. I explained that it would be for the U.S. District Judge alone, not me, to enter the plea and that my role was to conduct the plea colloquy and then to prepare a report and recommendation for ultimate disposition by Judge Stadtmueller.

After Mr. Mickey was placed under oath and advised as to the implications of being untruthful, I questioned him about his competency to go forward with the hearing. Through his responses, I found that Mr. Mickey was lucid, intelligent, and not under the influence of any intoxicants or substances.

I then discussed in detail each of the subjects specified in Rule 11, including the rights he would surrender by entering a plea of guilty, the maximum penalties

associated with the charged offense, and the authority of the sentencing judge to disregard any recommendations in the plea agreement and to sentence Mr. Mickey at the statutory maximums. I was satisfied that Mr. Mickey had a clear understanding of the rights he was surrendering and of the implications of pleading guilty.

At the conclusion of this colloquy, I determined that the guilty plea was knowing and voluntary and was not induced by threats or by promises not contained in the plea agreement. I found that there was an independent factual basis containing each of the essential elements of Counts 9, 10, 11, 19, and 21 of the Fourth Superseding Indictment (ECF No. 114), to which Mr. Mickey was pleading guilty. Mr. Mickey advised that he was pleading guilty to the charged offenses because he was, in fact, guilty and that the government could prove beyond a reasonable doubt that he was guilty of the charged offenses. Finally, I found that, in responding to my questions, Mr. Mickey was candid, respectful, and non-evasive, fully accepting responsibility for and acknowledging the unlawfulness of his conduct.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that defendant Brandon Mickey's plea of guilty be accepted; that a presentence investigation and report be prepared according to the schedule set by the Court; and that Mr. Mickey be adjudicated guilty and have sentence imposed accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation or prior to the Final Pretrial Conference, whichever is

2

Case 2:15-cr-00226-JPS   Filed 01/17/17   Page 2 of 3   Document 141

earlier. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 17th day of January, 2017.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge